Patrick TAM, Plaintiff,

v.

Michael LO, Joseph Chan, Joseph Tam and International Buffet King, L.L.C., Defendants.

No. 97 C 2179.

United States District Court, N.D. Illinois, Eastern Division.

July 7, 1997.

---

Robert T.W. Hoy, Chicago, IL, for Plaintiff.

Paul J. Maganzini, Maganzini & McMahon, Lombard, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Patrick Tam invested $73,000 in Defendant International Buffet King ("IBK"), an Illinois limited liability company. In exchange for his investment, Plaintiff was offered a full-time management position with IBK. Defendants Michael Lo, Joseph Chan, and Joseph Tam were also part of IBK's management.

In August of 1995, Defendants Lo, Chan, and Tam met with Plaintiff and asked him to resign. Plaintiff agreed, as long as Defendants would pay him $73,000 and his brother-in-law Richard Tang, also an investor in IBK, $20,000. Defendants agreed and promised to pay Plaintiff and Tang a total of $93,000. Plaintiff and Tang never received the money. A few months later, Tang assigned his $20,000 interest in IBK to Plaintiff.

In March of 1997, Plaintiff filed a four-count complaint against Defendants alleging: (1) breach of contract; (2) fraud/misrepresentation; (3) tortious interference with contract; and (4) a violation of the Illinois Limited Liability Company Act, 805 ILCS 180/1 et seq.

## II. MOTION TO DISMISS— LEGAL STANDARD

In ruling on a motion to dismiss, the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Dismissal is not granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. DISCUSSION

Defendants offer numerous arguments attacking the various counts of Plaintiff's complaint, including an argument that the Court lacks jurisdiction over this matter. The Court will address the jurisdictional issue first and the remaining arguments in turn.

### A. Jurisdiction

Jurisdiction is premised on the diversity of citizenship statute—28 U.S.C. § 1332.

There is no dispute that complete diversity of citizenship exists between Plaintiff and Defendants; rather, Defendants question whether Plaintiff meets the requisite amount in controversy—$75,000. Defendants argue that Plaintiff seeks only $73,000—which is of course below the jurisdictional minimum of $75,000—and the additional $20,000 belongs to his brother-in-law Tang. Defendants argue that the two amounts—which total $93,000—cannot be aggregated to meet the jurisdictional amount.

■ Defendants, however, misconstrue what's going on here. As alleged in the complaint, Tang assigned his $20,000 interest to Plaintiff. Additionally, Plaintiff submitted an affidavit noting that Tang assigned the interest in exchange for a debt Tang owed Plaintiff from an unrelated investment project.[1]

"There is nothing inherently wrong in the assignment of a cause of action." *Bailey v. Prudence Mut. Cas. Co.*, 429 F.2d 1388, 1389 (7th Cir.1970). Indeed, as long as the assignment was not made for the purpose of conferring diversity jurisdiction, generally, there is no problem. *See Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (7th Cir.1988); *see also* 28 U.S.C. § 1359.[2]

Here, there is no evidence that the assignment of Tang's interest to Plaintiff was made for the purpose of establishing the jurisdictional amount necessary to maintain this action.[3] The assignment was made over a year before this action was initiated and it was made in exchange for a past debt, *i.e.*, consideration for the assignment existed. *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 857 F.Supp. 1043, 1048 (E.D.N.Y.1994) (factors to consider are the timing of the assignment and the consideration paid). Thus, the evidence—primarily Plaintiff's affidavit, *see Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1067 (7th Cir.1992) ("[But] the judge certainly was not required, perhaps was not permitted, to disregard the sworn evidence to the contrary submitted by [plaintiff] and not countered by any evidence submitted by [defendant].")—supports the conclusion that the assignment was not improperly or collusively made to invoke federal jurisdiction.[4] Accordingly, the jurisdictional amount is satisfied.

### B. *Count I—Breach of Contract*

Count I alleges that Plaintiff and Defendants agreed that if Plaintiff resigned Defendants would pay him $73,000 and his brother-in-law Tang $20,000. Plaintiff resigned, but Defendants have yet to pay him the $93,000—remember, Tang's $20,000 interest was assigned to Plaintiff.

Defendants have misconstrued the substance of count I. They base their argument for dismissal of the count on whether there was a five-year employment contract between Plaintiff and IBK. The contract at issue, however, is an agreement between Plaintiff and Lo, Chan, and Tam.[5] Thus, be-

---

1. Because the Court's jurisdiction is at issue, the Court is not limited to the allegations in the complaint. The Court may look to any evidence submitted to determine if jurisdiction exists. *See Roman v. U.S. Postal Serv.*, 821 F.2d 382, 385 (7th Cir.1987).

2. Section 1359 provides:
   A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

3. Defendants failed to submit any evidence challenging Plaintiff's facts surrounding the assignment of Tang's interest.

4. It should be noted that Defendants jurisdictional argument is apparently premised on the Court dismissing count III—tortious interference with contract—from this action. Count III seeks

$118,000 in damages. Thus, even subtracting Tang's $20,000 interest, the jurisdiction amount is satisfied. Count I seeks $101,000 in damages; but the Court is mystified as to the basis for that request. Indeed, the body of the count states that a contract was breached for $93,000. If the contract was for $93,000 how can there be damages of $101,000?

5. If this agreement was between Plaintiff and Lo, Chan, and Tam, it does not appear that IBK can be held liable for the alleged breach. If Lo, Chan, and Tam were acting in their corporate capacity, however, it appears that IBK should be the only defendant and Lo, Chan, and Tam should be dismissed as defendants from count I. In Plaintiff's response to the motion to dismiss, he offers a couple of theories as to how Lo, Chan, and Tam could be liable even if acting in their corporate capacities, but the complaint does not contain a factual basis supporting such theories.

cause they failed to comprehend the nature of the allegations in count I, they have not provided any reason to dismiss the count.

### C. Count II—Fraud/Misrepresentation

Count II is premised on fraud. Defendants offer a one-sentence argument that the count fails to allege fraud with the required specificity under FED. R. Civ. P. 9(b).

The Court disagrees.

Defendants failed to cite any authority in support of their argument, nor have they offered any reasoning as to why the count is inadequately pleaded. The count is adequately pleaded.

### D. Count III—Tortious Interference with Contract

 Count III is apparently premised on Lo, Chan, and Tam's alleged tortious interference with Plaintiff's employment contract with IBK.[6] Under Illinois law, such a claim requires: (1) a legally enforceable contract; (2) the defendants' knowledge of such a contract; (3) the defendants' intentional interference inducing a breach by a party to the contract; and (4) damages. *Stafford v. Puro*, 63 F.3d 1436, 1441 (7th Cir.1995).

The Court is confused by Defendants' attack on this count. First, Defendants argue that there was no legally enforceable contract based on IBK's operating agreement. Whether the operating agreement creates the contract is irrelevant, there may have been an oral contract between Plaintiff and IBK—maybe even an oral at-will contract. Such a contract can form the basis of a tortious interference with contract claim. *Williams v. Shell Oil Co.*, 18 F.3d 396, 402 (7th Cir.1994) ("An oral at-will contract can be a valid contract in an action of tortious interference.").

Next, it appears Defendants believe that if an employment contract existed the contract would not go into effect until IBK

opened for business; because Plaintiff resigned before the opening date, Defendants believe there was no contract for them to interfere with. One, however, can interfere with an existing contract as well as a future contract. *See Europlast Ltd. v. Oak Switch Sys., Inc.*, 10 F.3d 1266, 1274 (7th Cir.1993).

The contract—existing or future—was apparently between Plaintiff and IBK. Because a "party to a contract cannot be held liable for tortiously inducing himself to breach the contract," *Rao v. Rao*, 718 F.2d 219, 225 (7th Cir.1983), IBK cannot logically be a defendant to this count. Whether corporate managers/officers can be held liable for inducing the corporation to breach a contract is another issue. *See George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326 (7th Cir.1983). Because Defendants failed to address this issue, the Court will not address it—perhaps Defendants will address it when attacking Plaintiff's amended complaint.

### E. Count IV—Violation of Limited Liability Company Act

Defendants sole attack on this count is that it can only be brought against the corporation—IBK—not the individuals. The Court agrees. Plaintiff theorizes as to how the individuals could be liable, but the factual support for such theories is nowhere to be found in the complaint.

## IV. CONCLUSION

Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiff is ordered to file an amended complaint within ten (10) days clarifying the basis for his legal theories. Once filed, Defendants may file a motion to dismiss.

Plaintiff will have to clean up this count in his amended complaint.

**6.** At this time, it is appropriate to discuss the quality of the complaint. Simply stated, the complaint is unartfully drafted and because of

that fact, defendants understandably failed to properly address the issues. Plaintiff will be required to file an amended complaint. Defendants will then be able to file a motion to dismiss attacking the issues properly pleaded.